IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEITH A. BERKSHIRE, <br><br> Plaintiff, <br> v. <br><br> GARY HERBERT, et al., <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:17-cv-1322 DN <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B).[1] Pending before the court is Defendants' Motion for Judgment on the Pleadings.[2] Plaintiff, Keith Berkshire, who is an attorney and is acting *pro se*, brings a complaint for declaratory and injunctive relief. The undersigned finds this suit moot and therefore recommends that it should be dismissed.

## BACKGROUND

Plaintiff Keith Berkshire brought this action seeking to declare invalid certain section of the Utah Code. These include sections 41-6a-1633,[3] 41-6a-1631,[4] 41-6a-1630[5] and 41-6a-1641.[6] Mr. Berkshire is a resident of Phoenix, Arizona and owns a Jeep that is "'highly modified' with off-road equipment.[7] According to Mr. Berkshire, his jeep is "fully street legal and licensed in

---

[1] ECF No. 5.

[2] ECF No. 12.

[3] Utah Code Ann. § 41-6a-1633 (Mudguards or flaps at rear wheels of trucks, trailers, truck tractors, or altered motor vehicles).

[4] Utah Code Ann. § 41-6a-1631 (Prohibitions).

[5] Utah Code Ann. § 41-6a-1630 (Standards applicable to vehicles).

[6] Utah Code Ann 41-6a-1641 (Video display in motor vehicles prohibited if visible to driver—Exceptions).

[7] Mtn p. 2, ECF No. 12.

Arizona" but does not comply with the Utah statutes applying to vehicles.[8] When Plaintiff filed his Complaint he intended to attend the Easter Jeep Safari in Moab, Utah planned for March 28-April 1, 2018. Plaintiff subsequently attended the Easter Jeep Safari and did not receive any citation for violating Utah statutes. Defendants now move to dismiss Mr. Berkshire's Complaint asserting it is moot.

## ANALYSIS

Defendants move for judgment on the pleadings under Rule 12(c) to dismiss this case for lack of subject matter jurisdiction.[9] "A motion pursuant to rule 12(c) of the Federal Rules of Civil Procedure is generally treated in the same manner as a rule 12(b)(6) motion to dismiss."[10] However, a "Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction [may] be treated as a Rule 12(b)(1) motion to dismiss the complaint."[11] Defendants argue this case should be dismissed for want of jurisdiction because Plaintiff's claims for injunctive and declaratory relief are now moot.

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."[12] A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims.[13] Rule 12(b)(1) allows a party to raise the defense

---

[8] Complaint p. 2, ECF No. 1.

[9] Fed. R. Civ. P. 12(c).

[10] *Swepi, LP v. Mora Cty., N.M.*, 81 F. Supp. 3d 1075, 1124 (D.N.M. 2015); *see also Mock v. T.G. & Y.Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) ("A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6).").

[11] *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443, 448-49 (S.D.N.Y.2001).

[12] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir.1994) (citations omitted).

[13] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence.").

of the court's "lack of jurisdiction over the subject matter" by motion.[14] The Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."[15] Here Defendant makes a facial challenge and to survive a facial challenge, the complaint "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[16]

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."[17] Moreover, "[t]his requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome."[18] "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."[19] In other words, "when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'"[20] Mootness may be raised at any stage of the proceedings because it is an issue of subject matter jurisdiction.[21]

---

[14] Fed. R. Civ. P. 12(b)(1).

[15] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002).

[16] *Valdez v. Nat'l Sec. Agency*, 228 F. Supp. 3d 1271, 1279 (D. Utah 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (citations omitted).

[17] *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996) (citation omitted).

[18] *Id.*

[19] *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.2010) (citation and quotation marks omitted).

[20] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir.2012) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983)).

[21] *See Kennedy v. Lubar*, 273 F.3d 1293, 1301–02 (10th Cir.2001).

Here Plaintiff does not dispute that he attended the Easter Jeep Safari in 2018 and did not receive any citation for violations of the Utah code.[22] But, Plaintiff argues this case is not moot because he has a "legally cognizable interest in the outcome" as set forth by the Supreme Court in *City of Erie*.[23] In addition Plaintiff has plans to return to Moab in 2019 for the Easter Jeep Safari and has made multiple trips to Utah in the past.

Based on Plaintiff's arguments it appears he seeks an exception to the mootness inquiry.[24] The court finds no exception applies in this instance. Further, the fact that Plaintiff is planning to attend the jeep safari again in 2019 is not a sufficient bases to survive Defendant's motion. The reasoning found in *City of Erie* does not apply here. There is nothing in Plaintiff's Complaint that asserts he has "concrete plans" to attend the jeep safari in 2019. Further, the waste of judicial resources arguments as made by Plaintiff, are undermined by the facts that already occurred—to wit—he did not receive a citation. It is far more cost effective to challenge a citation after the fact, rather than seeking to preemptively strike a citation that may never occur. The latter approach is based on conjecture, speculation and could be avoided by other more reasonable means. In short, a live controversy does not exist in this case and thus it should be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

The undersigned recommends that Defendant's Motion for Judgment on the Pleadings be GRANTED and this case dismissed for want of jurisdiction.

---

[22] *See* op. ECF No. 13 p. 1.

[23] *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

[24] A court will not dismiss a case as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 910th Cir. 2002) (citations omitted); *see also Ind v. Colorado Dep't of Corr.*, 801 F.3d 1209, 1213, 2015 WL 5307426 (10th Cir. 2015).

4

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[25] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[26] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 7 June 2018.

Brooke C. Wells
United States Magistrate Judge

---

[25] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[26] *Id.*